# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

| | |
|---|---|
| Daniel White,<br><br>      Plaintiff,<br><br>v.<br><br>McCarthy, Burgess & Wolff, Inc. and Viasat, Inc.<br><br>      Defendant(s). | Civil Action No: **5:19-cv-00319**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action and all counts under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k.

3. This Court has supplemental jurisdiction for any state law claims under 28 U.S.C. §§ 1367.

4. Venue in this District is proper under 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred here.

## PARTIES

5. Plaintiff, Daniel White, is a natural person, and a citizen of the State of Florida, residing at 10745 Foxhole Rd, Clermont, Florida 34711 in Lake County, Florida.

6. Plaintiff is allegedly obligated to pay a debt to Defendants.

7. Plaintiff is a "Consumer" meaning any natural person obligated or allegedly obligated to pay any debt.

8. The debt at issue (the "Consumer Debt") is the amount Plaintiff allegedly owes the Current Creditor.

9. The Consumer Debt is an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

10. The Consumer Debt is an alleged debt for internet access services with Defendant Viasat in the amount of $590.74 with an account number of 305850945.

**Defendant McCarthy, Burgess & Wolff:**

11. Defendant, McCarthy, Burgess & Wolff ("MBW"), is a corporation organized under the laws of the State of Ohio.

12. Defendant MBW is a citizen of the State of Ohio with its principal place of business at 26000 Cannon Road Cleveland, OH 44146.

13. Defendant MBW is registered with the Florida Department of State Division of Corporations as a corporation. Its registered agent for service of process is NRAI Services, Inc, located at 1200 South Pine Island Road, Plantation, FL 33324.

14. Defendant MBW is registered with the Florida Office of Financial Regulation as a consumer collection agency.

15. Defendant MBW regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

16. Defendant MBW is a "debt collector" as defined in the FDCPA.

**Defendant Viasat, Inc:**

17. Defendant, Viasat, Inc. ("Viasat"), is a corporation organized under the laws of the State of California. It is a citizen of the State of California with its principal place of business at 6155 El Camino Real Carlsbad, CA 92009.

18. Defendant Viasat is registered with the Florida Department of State Division of Corporations as a corporation. Its registered agent for service of process is Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

19. Defendant Viasat is a "creditor" as defined in the FCCPA.

## FACTUAL ALLEGATIONS
*Violation- Collection Letter Dated June 12, 2019*

20. Plaintiff incorporates Paragraphs 1 through 19.

21. Defendants sought to collect from Plaintiff an alleged debt for internet access services that Plaintiff purchased on or about March 4, 2019.

22. On or about March 5, 2019, Plaintiff contacted Defendant Viasat requesting to disconnect services.

23. On or about April 19, 2019, Plaintiff received a letter stating Defendant Viasat agreed to waive early termination fees upon disconnection of service.

24. On or about May 2, 2019, Plaintiff received a letter stating Defendant Viasat agreed to adjust off the unpaid balance of $ 80.71, leaving no balance due to Defendants.

25. On or about June 12, 2019, Defendant MBW on behalf of Defendant Viasat, sent Plaintiff a letter to collect an alleged debt of $590.74.

26. Plaintiff does not owe any balance to the Defendants and is not past due.

27. Plaintiff has suffered an informational injury from the Defendants' actions.

**COUNT I**
**FALSE REPRESENTATION OF DEBT AMOUNT IN VIOLATION OF 15 U.S.C §1692e(2)(A) & 1692f AGAINST DEFENDANT MBW**

28. Plaintiff re-alleges and incorporates by reference paragraphs in this complaint as though fully set forth herein.

29. Defendant MBW's debt collection efforts against Plaintiff violated various provisions of the FDCPA.

30. Section §1692e provides a non-exhaustive list of false, deceptive, and misleading conduct prohibited by the statute including:

   a. The false representation of – the character, amount, or legal status of any debt, 15 U.S.C. §1692e(2); and

   b. The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. 15 U.S.C. §1692e(10).

31. Section §1692f provides a non-exhaustive list of unfair or unconscionable means to collect or attempt to collect any debt including:

   a. The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. 15 U.S.C. §1692f (1).

32. Defendant MBW violated 15 U.S.C. §1692e, e(2), e(10), and §1692f(1) when

Defendant MBW illegally attempted to collect $590.74 from the Plaintiff when the Plaintiff owed the Defendants nothing.

33. For these reasons, the Defendant MBW is liable to the Plaintiff for statutory damages, costs, and attorney's fees.

## COUNT II
## IN VIOLATION OF Fla. Stat. §559.72(9) AGAINST DEFENDANT VIASAT

34. Plaintiff re-alleges and incorporates by reference paragraphs in this complaint as though fully set forth herein.

35. Section 559.72 of the FCCPA provides, "In collecting consumer debts, no person shall:

> *Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Sec. 559.72(9).*

36. Defendant Viasat violated the FCCPA when Defendant Viasat attempted to enforce an alleged debt by contracting Defendant MBW to collect a debt that Defendant Viasat knew was not legitimate because Defendant Viasat knew the Plaintiff owed nothing.

37. The FCCPA provides for equitable relief including injunctive relief.

*Berg v. Merchs. Ass'n Collection Div*., 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

## JURY DEMAND

38. Plaintiff requests a trial by jury on all issues and counts so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and

against both Defendants for:

    (1)    Statutory damages of $1,000 as provided under 15 U.S.C. §1692k(a)(2)(A);

    (2)    Damages and injunctive relief under the FCCPA;

    (3)    Reasonable attorney's fees, litigation expenses and costs of the instant suit, as provided under 15 U.S.C. § 1692k(a)(3); and

    (4)    Such other or further relief as the Court deems proper.

DATED: July 3, 2019                          Respectfully Submitted,

**THE LAW OFFICES OF JIBRAEL S. HINDI**

/s/ Jibrael S. Hindi        .
Jibrael S. Hindi, Esq.
Florida Bar No.: 118259
E-mail: jibrael@jibraellaw.com
THE LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: 954-907-1136
Fax: 855-529-9540